IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | ) | Case No. 4:26-cv-00169-SMR-HCA |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| BARACK HUSSEIN OBAMA, MICHELLE | ) | |
| OBAMA, JOE BIDEN, JILL BIDEN, | ) | |
| HUNTER BIDEN, KENTAJI BROWN- | ) | |
| JACKSON, in her official capacity as United | ) | |
| States Supreme Court Justice, FORMER | ) | |
| PRINCE ANDREW OF THE WINDSORS, | ) | |
| and KEIR STARMER, in his official | ) | |
| capacity as Prime Minister of Great Britain, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Ronald Satish Emrit filed this *pro se* complaint against the above-captioned Defendants. [ECF No. 1]. He also moves to proceed *in forma pauperis*. [ECF No. 2].

A district court may allow a party to begin a civil action "without prepayment of fees or security" if the party submits an affidavit that shows he or she cannot "pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Nevertheless, the Court "shall dismiss the case at any time" if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). *Pro se* filings must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, *pro se* filings must still comply with the requirements of the Federal Rules of Civil Procedure and are subject to dismissal when they present no arguable basis for relief. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).

The complaint features nonsensical commentary regarding various politicians, entertainment industry employees, and public figures. At bottom, Plaintiff alleges four claims

1

involving former President Barack Obama: (1) defamation of President Donald Trump "by appearing in interviews and podcasts when most former presidents try to stay out of the spotlight," (2) public nuisance "by trying to remain relevant to the modern-day political conversation," (3) "industrial espionage" against companies featuring former President Obama on podcasts and interviews, and (4) tortious interference with business relations and contracts under the Federal Tort Claims Act against companies which feature former President Obama on interviews and podcasts. [ECF No. 1 ¶¶ 27–30]. Plaintiff seeks declaratory relief regarding the use of artificial intelligence in advertising; a preliminary injunction enjoining Defendants from appearing on cable television; and $500 billion in damages for commission of the pleaded torts. *Id.* at 6.

As the Court has previously observed, Plaintiff is a frequent filer in this District as well as throughout the federal judiciary. He has filed at least 14 lawsuits in the United States District Court for the Southern District of Iowa, all of which appear to have been dismissed as frivolous. *See, e.g.*, *Emrit v. Musk*, 4:25-cv-00004-SMR-HCA (S.D. Iowa 2025); *Emrit v. Jules*, 4:23-cv-00231-SMR-HCA (S.D. Iowa 2023); *Emrit v. Reg'l Transit Ctr.,* 4:17-cv-00337-CRW-HCA (S.D. Iowa 2017). Other federal courts have had similar experiences with Plaintiff. *Emrit v. Combs*, Civ. Action No. 3:24-CV-00005, 2024 WL 945316, at *1 (W.D. Va. Mar. 5, 2024) (noting that "Emrit has filed no fewer than 200 civil actions in federal district courts since 2013" and is subject to vexatious litigant orders in other districts) (citation omitted).

This case is another example of Plaintiff's improper use of the federal courts. The complaint seeks $500 billion in damages, invokes the subject matter jurisdiction of the United States District Court for the District of New Jersey, and primarily features irrelevant and incoherent commentary. Plaintiff's complaint is frivolous; accordingly, it is DISMISSED.

The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.  *See Emrit v. Progressive Ins.*, CASE NO. 1:24-CV-46, 2024 WL 1580050 (N.D. Ohio Apr. 11, 2024) (certifying in a different case filed by Plaintiff that no appeal could be taken in good faith).

IT IS SO ORDERED.

Dated this 29th day of April, 2026.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT